| | |
|---|---|
| SARAH CHILDS, a.k.a. SARAH HENDERSON<br><br>　　　　　　　　　Plaintiff,<br><br>– Versus –<br><br>The CITY OF DENHAM SPRINGS; JIMMY DURBIN, in his official and individual capacities; SCOTT JONES in his official and individual capacities; SHAWN PERKINS, in his official and individual capacities; JOHN DOE, in his official and individual capacities.<br><br>　　　　　　　　　Defendants. | NUMBER: 3:12-cv-795<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

# VERIFIED COMPLAINT

## INTRODUCTION

This is an action under 42 U.S.C. §§ 1983 and 1988. Plaintiff Sarah Childs, a.k.a. Sarah Henderson, seeks a temporary restraining order, a preliminary injunction and, eventually, a permanent injunction barring the City of Denham Springs or its agents from compelling her to remove from her home a controversial display of holiday lights in violation of her First and Fourteenth Amendment rights. Childs also seeks a declaratory judgment, nominal damages and attorneys' fees.

## JURISDICTION AND VENUE

1.　The Court has original jurisdiction in this matter under 28 U.S.C. §§ 1331 and 1343.

2. Supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367 as to matters cognizable under the Constitution and laws of this State, particularly, but not exclusively, LSA-C.C. Arts. 2315, 2316, 2317 and 2320.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the City of Denham Springs is located within this District, and because the individual Defendants reside in this District.

4. Declaratory relief is authorized by 28 U.S.C. § 2201 and 2202. A declaration of law is necessary to determine the respective rights and duties of the parties.

## THE PARTIES

5. Plaintiff SARAH HENDERSON is an adult resident of Denham Springs, Louisiana.

6. Defendant CITY OF DENHAM SPRINGS is a municipality of the State of Louisiana. At all relevant times, the City employed the individual defendants named below. The City is directly responsible for acts complained of herein due to the policies and practices of its police department and other employees. The City maintains the right and power to sue and be sued.

7. Defendant JIMMY DURBIN is the Mayor and a resident of Denham Springs. He is responsible for the final supervision of the Denham Sprigns Police Department, and for the final execution and enforcement of the City's ordinances. Durbin is a final policymaker on all Denham Springs policies and practices alleged here, and he is sued in his official capacity.

8.     Defendant SCOTT JONES is a resident of Denham Springs and the Chief of the Denham Springs Police Department. He enforces Louisiana's criminal laws and the City's ordinances. Jones is a final policymaker on all police policies and practices alleged here, and he is sued in his official capacity.

9.     Defendant SHAWN PERKINS is a police officer with the City of Denham Springs and resident of Denham Springs. At all relevant times, he was acting within the course and scope of his employment. He is sued in his official and individual capacities.

10.    Defendant JOHN DOE is a presently unidentified police officer with the City of Denham Springs and, upon information and belief, a resident of the City of Denham Springs. On Saturday, December 15, 2012, Doe responded to a complaint from Childs regarding her neighbors, appeared at Childs' house and ordered her to remove her holiday display or be taken to jail. At all relevant times, he was acting within the course and scope of his employment. He is sued in his official and individual capacities.

## FACTUAL ALLEGATIONS

11.    On or about Tuesday, November 27, 2012, as part of an ongoing disagreement with her neighbors, Plaintiff Sarah Childs installed on the roof of her house a string of holiday lights in the shape of a human hand with an extended middle finger.

12.    The display looked like this:

(over)



13. Several of Childs' neighbors complained directly to Mayor Durbin, and the Denham Springs Police Department shortly thereafter dispatched Corporal Shawn Perkins to the scene.

14. Perkins told Childs to remove the lights, suggesting that if she did not, she would be in violation of Denham Springs' "obscenity statute" and could be subject to a substantial fine.

15. Perkins then attempted to remove some of the lights himself by pulling on a nearby strand, but relented after Childs complained that he might break them.

16. Perkins finally told Childs that if she wanted to keep her display, it would have to be something less offensive.[1]

17. In response to Perkins' admonition and fearing a citation and fine, Childs removed the lights.

18. It was later discovered that Denham Springs does not have an "obscenity statute."

---

[1] Perkins confirmed the substance of his comment in a subsequent media interview. THE ADVOCATE, "Woman Removes Lighted Finger Off Roof." November 28, 2012, http://theadvocate.com/news/4532114-123/woman-removes-lighted-finger-off, last visited December 18, 2012. ("Cpl. Shawn Perkins said they had a discussion about First Amendment rights and the city's obscenity statute, and he told her that if she insisted on putting something up as a message to neighbors, it would have to be less offensive.")

19.  The events garnered significant local media coverage, which drew the attention of the ACLU. The organization sent an open letter, attached hereto as **P-1**, to the City of Denham Springs in defense of Childs' display and her First Amendment rights.

20.  City Attorney Paeton Burkett responded to the ACLU, defending the City's objection to Childs' display.

21.  On Thursday, December 14, 2012, Childs put the lights back up, modifying the display to include two hands, each with the middle finger extended.

22.  The ACLU of Louisiana learned of the reinstallation and immediately sent a letter, attached hereto as **P-2**, to City Attorney Burkett, reminding the City that Childs' display was protected by the First Amendment.

23.  Neighbors complained again, and the City again responded, first by collateral attack, issuing Childs a flurry of summonses not for her decorative lights, but for various other things the neighbors complained about:

    a.  Neighbors alleged that Childs, while walking down the side of the street, did not get far enough out of the way of an oncoming car, so the City ticketed her for obstructing the flow of traffic.

    b.  Neighbors alleged that Childs, while singing and dancing in her driveway – her own private property – made up an impromptu song about her neighborhood dispute, so the City ticketed her for disturbing the peace.

    c.    Childs' impromptu song allegedly contained some obscenities directed at her neighbors, so the City cited her for *simple assault*.

24. However, the City's retaliatory bullying failed, and Childs left her display up.

25. Childs then called the police to complain that her neighbors were making false allegations about her.

26. In response, Officer John Doe appeared at Childs' house; however, rather than take her complaint, Doe ordered Childs to take her lights down.

27. Doe did not tell Childs what law she was violating or issue her a citation of any kind. He simply told her to take the lights down or she would go to jail.

28. Childs initially was defiant, and refused to take the lights down or provide Officer Doe any more information.

29. Doe then told Childs that unless she took down the lights immediately, she would be arrested and taken to jail.

30. Reluctantly, with Doe watching, Childs climbed onto the roof and removed the lights.

31. Since then, Childs has not put the lights back up, for fear of arrest, fines and imprisonment. However, she intends to install her display again and, if permitted, plans to keep them up for a long time.

32. Seeking to vindicate her First and Fourteenth Amendment rights, and wishing to reinstall her display in time for Christmas, Childs brings this matter.

# CAUSES OF ACTION

## FIRST CLAIM
### (The First Amendment)

33. Plaintiff realleges and reincorporates the above allegations.

34. On two occasions, Defendants forced Childs to remove her holiday display with threats of arrest, criminal prosecution, fines and even jail time, simply because they found the display offensive.

35. Defendants' actions violated Childs' rights under the First Amendment.

## SECOND CLAIM
### (The First Amendment: Retaliation)

36. Plaintiff realleges and reincorporates the above allegations.

37. Defendants cited Childs for unrelated offenses without probable cause in an effort to compel her to remove her display.

38. Defendants threatened to arrest and incarcerate Childs if she did not take down the lights.

39. Defendants' actions violated Childs rights under the First Amendment.

## THIRD CLAIM
### (Fourteenth Amendment – Procedural Due Process)

40. Plaintiff realleges and reincorporates the above allegations.

41. Childs has a liberty interest in her holiday display.

42. Defendants forced Childs to remove her holiday display under threat of arrest and incarceration, without telling her what law, if any, she was breaking, and without any sort of meaningful opportunity for hearing.

43. Defendants' actions violated Childs' right to procedural due process under the Fourteenth Amendment.

## FOURTH CLAIM
### (Fourteenth Amendment – Substantive Due Process)

44. Plaintiff realleges and reincorporates the above allegations.

45. Childs' liberty interest in her holiday display stems from her fundamental First Amendment right of free speech.

46. Defendants' actions impermissibly burdened Childs' fundamental rights without any sort of process whatsoever.

47. Defendants' conduct violates Childs' right to substantive due process under the Fourteenth Amendment.

## FIFTH CLAIM
### (Fourteenth Amendment – Privileges and Immunities)

48. Plaintiff realleges and reincorporates the above allegations.

49. Defendants' conduct impermissibly violates Childs' rights under the privileges and immunities clause of the Fourteenth Amendment.

## SIXTH CLAIM
### (State Law: La. Civil Code art. 2320 – Respondeat Superior)

50. Plaintiff realleges and reincorporates the above allegations.

51. Defendants City of Denham Springs, Jimmy Durbin and Scott Jones are liable for the actions of Perkins and Doe.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Sarah Childs, having no adequate remedy at law, requests the following:

1. A temporary restraining order, preliminary injunction and eventually, permanent injunction permitting Childs to restore her lighted display and barring Defendants and their agents from forcing her to remove her holiday display or continuing to retaliate against her;

2. A declaratory judgment that Defendants' actions were unconstitutional;

3. Nominal damages;

4. Reasonable attorneys' fees, expenses and costs under 42 U.S.C. § 1988 and any other applicable law; and

5. Any equitable and additional relief which the Court deems proper.

Respectfully submitted by:

| | |
|---|---|
| /s/ Justin Harrison | /s/ Ron Wilson |
| Justin P. Harrison, La No. 33575 | Ronald L. Wilson |
| Senior Staff Attorney | Attorney at Law |
| ACLU FOUNDATION OF LOUISIANA | 701 Poydras Street |
| P.O. Box 56157 | Suite 4100 |
| New Orleans, Louisiana 70156 | New Orleans, Louisiana 70139 |
| Telephone: (504) 522-0628 | Telephone: (504) 525-4361 |
| Facsimile: (888) 534-2996 | Facsimile: (504) 525-4380 |

Attorneys for Plaintiff

## VERIFICATION

I, Sarah Childs, hereby verify that the allegations of this complaint are factually correct to the best of my knowledge.

*[signature: Sarah Childs]*

Sarah Childs