**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

SARAH CHILDS, a.k.a. SARAH
HENDERSON,

                              Plaintiff,

        – Versus –

CITY OF DENHAM SPRINGS, et al.

                              Defendants.

NUMBER: 3:12-cv-795

JUDGE:

MAGISTRATE JUDGE:

---

**MOTION FOR**
**TRO/PRELIMINARY INJUNCTION**

---

Plaintiff hereby moves, under Federal Rule of Civil Procedure 65 and for the reasons set forth in the accompanying memorandum, for a temporary restraining order and preliminary injunction barring Defendants and any of their agents from violating Plaintiff's First and Fourteenth Amendment rights. In support of this motion, Plaintiff states:

1.      This relief is warranted, as Plaintiff is likely to succeed on the merits of her claims. Defendants are unconstitutionally forcing Plaintiff to remove her lighted holiday display simply because they find it offensive.

2.      Unless this Court issues a temporary restraining order and subsequent preliminary injunction barring Defendants from unconstitutionally prohibiting her

1

from displaying her lighted display, Plaintiff will suffer irreparable harm: the serious abridgment of her fundamental right to speak freely on her own property.

3.      "Violation of constitutional rights constitutes irreparable injury as a matter of law." *Springtree Apartments, ALPIC v. Livingston Parish Council*, 207 F. Supp. 2d 507, 515 (M.D. La. 2001). As the Supreme Court has noted, "the loss of First Amendment freedoms, even for minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *see also Deerfield Medical Ctr. v. City of Deerfield Beach*, 661 F.2d 328 (5th Cir. 1981) ("we have already determined that the constitutional right of privacy is either threatened or is in fact being impaired and this conclusion mandates a finding of irreparable injury."); 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2948.1 (2d Ed. 1995) ("When an alleged constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary."). This reasoning essentially collapses the "likelihood of success on the merits" and "irreparable harm" prongs of the injunctive inquiry where constitutional rights are at stake. *Forum for Academic & Inst. Rights v. Rumsfeld*, 390 F.3d 219, 246 (3d Cir. 2004).

4.      The potential harm to Plaintiff far outweighs any burden that Defendants will face if the Court enjoins Defendants' unconstitutional practices.

5.      A temporary restraining order and eventual preliminary injunction will not disserve the public interest, but would affirmatively promote it.

6. Because Plaintiff faces an imminent risk of harm if Defendants are permitted to continue censoring her lighted display and retaliating against her for protected First Amendment activity, Plaintiff asks this Court for a temporary restraining order and preliminary injunction.

Respectfully submitted by:

/s/ Justin Harrison
Justin P. Harrison, La No. 33575
Senior Staff Attorney
ACLU FOUNDATION OF LOUISIANA
P.O. Box 56157
New Orleans, Louisiana 70156
Telephone: (504) 522-0628
Facsimile: (888) 534-2996

/s/ Ron Wilson
Ronald L. Wilson
Attorney at Law
701 Poydras Street
Suite 4100
New Orleans, Louisiana 70139
Telephone: (504) 525-4361
Facsimile: (504) 525-4380

Attorneys for Plaintiff

## RULE 65.1 CERTIFICATION

I certify that I have delivered a copy of this motion and all supporting documentation to the City Attorney's office for the City of Denham Springs via e-mail and facsimile, and have contacted the City Attorney's office by telephone to inform them that this motion was being filed.

/s/ Justin Harrison
Justin Harrison